# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00191-CV

**Gary Wayne Jaster, Appellant**

**v.**

**Comet II Construction, Inc.; Joe H. Schneider; Laura H. Schneider;
and Austin Design Group, Appellees**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
NO. 08-0847, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

## O P I N I O N

Gary Wayne Jaster, a licensed professional engineer, appeals from the trial court's denials of his motions to dismiss a third-party complaint and a cross-claim in a suit for damages arising from the allegedly improper design and construction of a house foundation. Jaster argues that, because the third-party complaint and the cross-claim against him relate to his provision of professional services as a licensed engineer, those complaints had to be accompanied by a certificate of merit. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002.[1] Jaster argues that the appellees'

---

[1] The version of section 150.002 applicable to these facts was effective and applicable to cases filed on or after September 1, 2005. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896-97, *amended by* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 Tex. Gen. Laws 348, 348 *and* Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (codified as Tex. Civ. Prac. & Rem. Code Ann. § 150.002). All references to section 150.002 will be to the version of the statute that became effective in 2005 unless otherwise noted. This statute has since been amended. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1992. Each of these iterations of the statute has required "the plaintiff" to file a certificate of merit.

failure to file a certificate of merit with their original respective third-party and cross-claims requires dismissal of their claims against him. *See id*. § 150.002(d). Because section 150.002 by its plain language applies only to "the plaintiff," we conclude that the trial court did not err by denying Jaster's motions to dismiss appellees' claims for their failures to file timely certificates of merit.

## BACKGROUND

The suit underlying this appeal was filed by homeowner Mahmoud Dawoud, who is not a party to this appeal. Dawoud alleged that he bought his home from Comet II Construction, Inc. Almost ten years later, he sued Comet II Construction, Inc., Joe H. Schneider, and Laura H. Schneider (collectively, "Comet"),[2] alleging that his house foundation was improperly designed and built. Dawoud asserted several causes of action including negligence, negligent misrepresentation, fraud, and violations of the deceptive trade practices act. With its answer to Dawoud's petition, Comet filed a third-party complaint seeking contribution and indemnity from Jaster and Austin Design Group ("ADG"), alleging that the third-party defendants "are or may be liable to [Comet] for all or part of Plaintiff's complaint" against Comet. Comet alleged that it purchased engineered foundation plans from ADG; that the plans were prepared by Jaster, a professional engineer; and that Dawoud sued alleging defective construction of his foundation. ADG then filed a cross-claim alleging that "[t]o the extent there is any defect in the foundation, whether by design or construction, it is the fault of Gary Wayne Jaster or Comet II Construction, Inc. and not the fault of Austin Design Group." ADG asserted that it "is entitled to contribution and/or indemnity from Gary Wayne Jaster

---

[2] The Schneiders are listed with the same address as Comet, and Joe Schneider is listed as Comet's registered agent for service of process. The Schneiders and Comet are represented by the same counsel, filed a joint answer and third-party complaint, and filed a joint brief here. Their interests in this appeal appear sufficiently aligned to justify reference to them as a single entity.

and/or Comet II Constructors." It is undisputed that no party to this appeal filed a certificate of merit with its original complaint or cross-claim.

Jaster moved to dismiss both claims against him. He argued that Comet's third-party complaint and ADG's cross-claim were deficient because they were not accompanied by a certificate of merit as required by section 150.002. Jaster urged in his motions to dismiss that the trial court was required to dismiss the claims by Comet and ADG against him. He asserted that these claims alleged damages arising out of the provision of professional services by a registered engineer, that section 150.002 required that they file certificates of merit with their complaints, and that their failure to file such an affidavit required the trial court to dismiss their claims. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (d).

Comet filed amended third-party complaints asserting not only contribution and indemnity claims but original causes of action against Jaster and ADG, including violations of the deceptive trade practices act and negligent design of the foundation. Comet attached an affidavit from a professional engineer to certify the merit of Comet's amended complaint. Jaster filed an amended motion to dismiss Comet's complaint, arguing that Comet's failure to file a certificate of merit simultaneously with its original third-party complaint required dismissal of the complaint. Comet filed a second amended complaint, attaching the same affidavit. The trial court denied Jaster's motions to dismiss the claims by Comet and ADG.

**DISCUSSION**

Jaster contends that the trial court abused its discretion and erred (1) by denying his original and amended motions to dismiss Comet's original and second amended third-party complaints on grounds that Comet failed to file a certificate of merit with its original third-party

3

complaint; (2) by denying his amended motion to dismiss Comet's second amended third-party complaint because the certificate of merit was deficient, and (3) by denying his motion to dismiss ADG's cross-claim because of ADG's failure to file a certificate of merit with its cross-claim.[3] Underlying these issues is a question of statutory construction—how should the certificate of merit requirement of section 150.002, which applies expressly to "the plaintiff," be applied in situations involving defendants who file third-party complaints and cross-claims?

We review a trial court's decision on a defendant's motion to dismiss under section 150.002 under an abuse of discretion standard. *See Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court acts arbitrarily and unreasonably if application of the law to the facts dictates only one correct decision, but the trial court reaches a different one. *Rivenes v. Holden*, 257 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). A trial court abuses its discretion when it fails to analyze or apply the law correctly. *See In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007).

Statutory construction is a question of law we review de novo. *Palladian*, 165 S.W.3d at 436. When reading statutes, our goal is to ascertain and give effect to the legislature's

---

[3] Much of the parties' briefing centered on whether any non-negligence claims against Jaster triggered the section 150.002 certificate requirements. After the parties filed their briefs, this Court held that the version of section 150.002 effective September 1, 2005 required a certificate of merit to be filed in all actions or arbitration proceedings for damages arising out of the provision of professional services by a licensed or registered professional, not just in negligence cases. *S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 403-04 (Tex. App.—Austin 2011, no pet). Therefore, the fact that ADG and Comet seek contribution and indemnity from potential damage awards on non-negligence claims in addition to negligence claims did not except Comet and ADG from the certificate requirement.

intent. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). We glean that intent when we can from the plain meaning of the words the legislature uses. *See Entergy Gulf States, Inc.*, *v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We use statutory definitions provided. *See* Tex. Gov't Code Ann. § 311.011(b) (West 2005); *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Where statutory text is clear, it is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result. *Entergy*, 282 S.W.3d at 437. Only when statutory text is susceptible to more than one reasonable interpretation is it appropriate to look beyond its language for assistance in determining legislative intent. *See In re Smith*, 333 S.W.3d 582, 586 (Tex. 2011). We can look at the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, common law or former statutory provisions including laws on the same or similar subjects, consequences of a particular construction, any administrative construction of the statute, and the title, any preamble, and emergency provision. Tex. Gov't Code Ann. § 311.023 (West 2005).

The actions at issue in this appeal are governed by the version of section 150.002 enacted in 2005, which provided in subsection (a) as follows:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim.

Former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (revised). The statute provides that the failure to file the affidavit "shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(d) (recodified at Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e) (West 2011)).

Section 150.002(a) fails to specifically address the situation of defendants who file either third-party complaints or cross-claims. Jaster argues that the statute requires that certificates of merit be filed by claimants other than plaintiffs—in this case, defendants who have filed third-party and cross-claims. The plain language of the statute expressly requires only "the plaintiff" to file certificates of merit with the "complaint." *Id.* § 150.002(a). The resolution of Jaster's appeal will turn upon our construction of the statute.

The Fort Worth Court of Appeals grappled with this statutory provision under slightly different circumstances, ultimately holding that the requirement that the plaintiff file a certificate of merit does not apply to defendants filing cross-claims for contribution and indemnity from fellow existing defendants, but does apply to defendants filing third-party claims against new defendants. *CTL/Thompson Tex., LLC v. Morrison Homes & Sheffield Dev. Co.*, 337 S.W.3d 437, 445-46 (Tex. App.—Fort Worth 2011, pet. denied). In that case, Morrison bought land for a residential subdivision from Sheffield Development Company, and Sheffield received geotechnical engineering services from CTL and its professional engineers (collectively, "CTL"). *Id.* at 439. Morrison sued Sheffield and CTL, alleging breach of warranty and negligence. *Id.* Morrison filed a certificate of merit with its original complaint. *Id.* at 440. Sheffield filed a cross-claim seeking contribution and indemnity from CTL in case the plaintiff recovered damages from Sheffield, but did not file a certificate of merit with its cross-claim against CTL. *Id.* at 440, 444. Sheffield's cross-claim did not seek to establish any additional factual allegations against CTL on the merits of the plaintiff's action,

6

but sought by way of contribution and indemnity only to shift liability away from Sheffield if any was assessed. *Id.* The court of appeals affirmed the denial of CTL's motion to dismiss Sheffield's cross-claim, reasoning that a "cross-claiming defendant may rely on the certificate of merit filed by the plaintiff and is not required to file a second, independent certificate of merit." *Id.* at 446. Although there was no third-party plaintiff in that appeal, the court of appeals theorized in dicta that third-party plaintiffs were not entitled to rely on the plaintiff's affidavit because a plaintiff would not have filed a certificate of merit regarding the behavior of a third party whom the plaintiff had not sued. *Id.* As such, the Fort Worth court crafted a solution under which section 150.002 would require third-party plaintiffs, but not cross-claimants, to file a certificate of merit. *Id.* at 445-46.

This case has a posture somewhat distinct from *CTL*. In this case, neither of the defendants could rely on a certificate of merit from plaintiff Dawoud because, based on the record before us, he did not file suit against a design professional and thus did not file a certificate of merit with his claims against Comet. Further, this case has a third-party plaintiff and thus squarely presents the question of whether a third-party plaintiff must file a certificate of merit. Adding a layer of complexity, third-party plaintiff Comet did not file a certificate with its original contribution and indemnity complaint, but did when it filed an amended complaint asserting original direct claims. While mindful of *CTL*, we will analyze whether "the plaintiff" as used in section 150.002 applies to defendants who file their own claims for relief in the suit in which they have been sued.

Third-party claimants and cross-claimants have some characteristics of plaintiffs. Their claims are listed in the rules of procedure alongside original complaints as "Claims for Relief."

7

*See* Tex. R. Civ. P. 47. A defendant who files a third-party complaint[4] is expressly called a "third-party *plaintiff*" in the rule. *Id*. R. 38 (emphasis added). As the Fort Worth court noted, a third-party claim brings a new defendant into the suit. *See CTL*, 337 S.W.3d at 445. Like a third-party plaintiff, a cross-claimant is, by the plain language of the rule, placed "in the attitude of a plaintiff" for those claims on which it seeks relief. *See* Tex. R. Civ. P. 85; *see also Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992) (cross-claimant considered a plaintiff for res judicata purposes). Unlike a third-party plaintiff, however, a cross-claimant does not bring a new party to the suit. *Compare* Tex. R. Civ. P. 92 (concerning cross-claims), *with* Tex. R. Civ. P. 38 (concerning third-party practice); *see also CTL*, 337 S.W.3d at 445.

Third-party claimants and cross-claimants also differ from plaintiffs in significant respects. Neither a third-party plaintiff nor a cross-claimant originates the suit in which it brings its claim, and thus they do not choose the time, place, or the participants in the original suit. Their claims may be wholly derived from the plaintiff's claims (as in the case of a pure contribution and indemnity claim), may be unique, or may be intermingled or a hybrid of derivative and original claims. Unlike plaintiffs, defendants may be unaware of the impending litigation and the concomitant need to investigate claims that they did not intend to bring until they are haled into court. Further, defendants who seek only contribution and indemnity for the claims brought against them do not allege additional wrongdoing—and may not believe that any wrong has been done to or damage suffered by the plaintiff—but seek only to redirect liability, if any, for the damage alleged

---

[4] Rule 38 refers to a "petition" filed by the third-party plaintiff, *see* Tex. R. Civ. P. 38, but we are using the word "complaint" in this opinion to be consistent with the statute at issue and with the title Comet used on its document. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). We see no functional difference between the words "petition" and "complaint" for purposes of this opinion.

by the plaintiff. *See Equitable Recovery, L.P. v. Heath Ins. Brokers, L.P.*, 235 S.W.3d 376, 387 (Tex. App.—Dallas 2007, pet. dism'd).

Given that the statute does not specifically address defendants filing third-party complaints and cross-claims, there are multiple options of how the certificate-of-merit requirement could be applied to them. At one extreme, the certificate-of-merit requirement could apply to any defendant who files any kind of claim for recovery of damages against any design professional already in the suit or not part of the suit. At the other extreme, it could apply to no defendant filing any sort of claim within the lawsuit. Of the remaining combinations of types of claims (original to the defendant or derived from the plaintiff's claims like contribution claims) and types of parties (already in the suit or brought into the suit by the defendant's claims), the statute could require the filing of certificates by only, for example, (1) a defendant who files an original claim against a new party, (2) a defendant who files any type of claim against a new party, (3) a defendant who files an original claim against any type of party, or (4) a defendant who either files any type of claim against a new party or files an original claim against an existing party.

As a practical matter, the scope of the applicability of the statute to defendants could also be affected by whether the plaintiff in a given suit has filed a certificate of merit. Defendants may be able to rely on the plaintiff's certificate, or they could be required to file their own certificate. The *CTL* court split the difference by permitting cross-claimants filing contribution and indemnity claims against fellow defendants to rely on the plaintiff's certificate regarding the fellow defendants' wrongdoing, but requiring defendants suing previously uninvolved third parties to file a certificate regarding the third parties' alleged wrongdoing. *CTL*, 337 S.W.3d 445-46. While the *CTL* rationale makes sense for the cross-claimant in situations in which the original plaintiff has filed a certificate,

9

it creates a precarious position for a defendant/third-party plaintiff in a case where the plaintiff has not filed a certificate—especially one who seeks only contribution or indemnity from the third party. Under *CTL*, the defendant/third-party plaintiff could be forced near the outset of a lawsuit to simultaneously deny that any wrong or damage was done to the plaintiff and also produce a certificate of merit essentially putting forth expert testimony to bolster the plaintiff's claims. The defendant/third-party plaintiff could be put in the position at the outset of its defense of having to vouch for the merits of a case it elsewhere denied had merit.

More potentially unintended consequences of an expansive definition of "plaintiff" are apparent when we consider what happens if a plaintiff sues a defendant who is not a licensed or registered professional who then files third-party claims against licensed or registered professionals.[5] Section 150.002 would not require the plaintiff to file a certificate in that case, but recovery for the plaintiff's damages ultimately may be sought from licensed or registered professionals. Should the burden for filing the certificate fall on the defendant, who never intended to bring the suit and may not believe any wrongdoing occurred? The plaintiff could avoid the burden of filing a certificate of merit by not suing the licensed professional, then reap the benefit of the defendant's certificate. But not requiring the defendant to file a certificate of merit in that case would deny the licensed professional the protection of the certificate-of-merit requirement. There is no procedural mechanism apparent under current law that could shift the burden of producing a certificate of merit back to the plaintiff, who stands to benefit from the suit but chose not to sue the licensed or registered professional in the first place. If we were to determine that the statute requires certificates

---

[5] It is also conceivable that a plaintiff sues a licensed or registered professional who does not enforce his right to a certificate, but there the policy considerations and equities are different.

from defendants for original claims but not for derivative claims, courts would have to parse the nature of undeveloped claims with potentially case-dispositive results. We find no clear indication in the statute or legislative history that the legislature wants its directive that "the plaintiff" file an affidavit "with the complaint" to apply to a defendant filing a third-party claim or cross-claim. We rely on the plain meaning of the text of the statute, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008).

Notably, the legislature chose to use the word "plaintiff" in section 150.002 as opposed to expressly including "cross-plaintiffs" and "third-party plaintiffs" or making the requirement applicable more generally to "claimants." In other statutory schemes within the civil practice and remedies code, the legislature has demonstrated a willingness and ability to expressly treat plaintiffs, third-party plaintiffs, and cross-claimants the same by using the broader term "claimant" to include all parties seeking recovery of damages including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 9.001(1) (frivolous pleadings) (West 2002); *id.* §§ 33.011(1) (proportionate responsibility) & 41.001(1) (damages) (West 2008); *id.* §§ 85.001(1) (liability for stalking) & 147.001(2) (West 2011) (causes of action for "year 2000 computer date failure"); *see also* Tex. Fam. Code Ann. § 261.108(a)(1) (West 2008) (frivolous claims against reporters of child abuse). The legislature has also shown the ability to limit the definition of "plaintiff" to exclude a counterclaimant, cross-claimant, or third-party plaintiff. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051(h)(2) (forum non conveniens) (West 2008).

11

An analogous scheme is the health-care liability claim statutes that require "a claimant" to file an expert report. *See id.* §§ 74.001-.352 (West 2011 & Supp. 2012). That statute defines "claimant" not in terms of party titles, but as "a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim." *Id.* § 74.001(a)(1) (West Supp. 2012). A claimant must serve the parties with an expert report concerning the actions of defendant physicians or health-care providers. *Id.* § 74.351(a) (West 2011). The statute does not further define "claimant," but does define "defendant" as "a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant." *Id.* § 74.351(r)(4).

This context adds significance to the legislature's choice of wording in expressly imposing the requirement of filing a certificate of merit only on "the plaintiff" in suits against a licensed or registered professional. The legislature in other contexts has acknowledged that third-party plaintiffs and cross-claimants are different from plaintiffs. Further, the legislature has demonstrated the ability to include cross-claimants and third-party plaintiffs with plaintiffs when it deems appropriate. The legislature could have expressly imposed the requirement for filing a certificate of merit on third-party plaintiffs and cross-claimants but did not.

We have explored the difficulties in judicially imposing, as the dissent in this case advocates, a broader definition of "the plaintiff" in section 150.002 to encompass third-party plaintiffs and cross-claimants. Expanding the certificate-of-merit requirement in that way disregards the plain meaning of a clearly worded, if not comprehensively perfect, statute and leads to absurd consequences—for example, forcing defendants who assert pure contribution and indemnity claims

12

to produce a certificate of merit, placing them in the quandary of both denying and substantiating the same claim at the outset of their defense.

Accordingly, we will resist the urge to judicially create a solution to the statute's failure to address third-party complaints and cross-claims. Section 150.002 expressly requires "the plaintiff" to file a certificate of merit with its complaint, and thus does not require a certificate of merit from a defendant who files a third-party complaint or cross-claim.

Resolution of this question controls our disposition of all of Jaster's issues on appeal. Neither defendant/third-party plaintiff Comet nor third-party defendant/cross-claimant ADG is "the plaintiff." They were not required to file a certificate of merit, and the trial court did not err by denying Jaster's motions to dismiss Comet's third-party complaint, Comet's amended third-party complaints, and ADG's cross-claim despite the absence of a certificate of merit. The adequacy of Comet's certificate of merit filed with its second amended complaint is, therefore, moot.

## CONCLUSION

We affirm the trial court's orders denying Jaster's motions to dismiss claims against Jaster made by Comet and ADG.

_____

Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin;
    Dissenting Opinion by Justice Henson

Affirmed

Filed:   August 31, 2012

13