# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00597-CV

**Michael Marquez, Appellant**

**v.**

**Russell David Calvo, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001271, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the order of the district court of Travis County denying a motion to dismiss claims for failing to file a certificate of merit. *See* Tex. Civ. Prac. & Rem. Code § 150.002(f) (authorizing interlocutory appeal). Appellant is Michael Marquez, architect; appellee is Russell David Calvo, homeowner. This Court will affirm the order of the district court denying the motion to dismiss.

Calvo filed a petition in intervention in Marquez's suit against CBA, a construction company, and Jeffery Baessler, CBA's principal, pending in Travis County. Upon agreement of the parties, the district court severed Calvo's claims into the instant lawsuit. By his petition, Calvo claimed damages arising from the negotiations, contracting, and construction of his house at 12812 Hacienda Ridge in Austin. Calvo sued the builder with which he contracted, CBA, Baessler, and Marquez, the project's architect. Calvo alleged that Marquez and Baessler represented themselves as a "team" in their operations.

About six months after Calvo filed suit, Marquez moved to dismiss Calvo's claims based on Calvo's failure to file a certificate of merit. Pursuant to section 150.002 of the Texas Civil Practice and Remedies Code, a plaintiff seeking "damages arising out of the provision of professional services by a licensed or registered professional . . . shall be required to file with the complaint an affidavit of a third-party" attesting to the merit of the plaintiff's claims. "The plaintiff's failure to file the affidavit . . . shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e).

On appeal, Marquez asserts that the district court erred in not dismissing the suit because Calvo sought damages arising out of the provision of professional services by a licensed architect and did not file a certificate of merit. In defense of the district court's order, Calvo maintains that he did not sue for damages arising out of Marquez's provision of professional services. We agree with Calvo.

The Court reviews an order on a motion to dismiss under section 150.002 for abuse of discretion. *Jaster v. Comet II Constr., Inc.*, 382 S.W.3d 554, 557 (Tex. App.—Austin 2012), *aff'd* 438 S.W.3d 556 (Tex. 2014). An abuse of discretion is demonstrated where the trial court renders a judgment or order that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*, 382 S.W.3d at 557–58.

To determine whether a claim falls within the "provision of professional services," one must examine the relevant acts alleged by the plaintiff in his petition. *See RCS Enters., LP v. Hilton*, No. 02-12-00233-CV, 2013 WL 6795390, at *5 (Tex. App.—Fort Worth Dec. 19, 2013, no pet.) (mem. op.). Calvo sued CBA, Baessler, and Marquez for damages asserting claims against them, as a team, for negligence, negligent misrepresentation, common law fraud,

fraud in a real-estate transaction, breach of contract, breach of warranty, trust-fund violations, and violations of the Deceptive Trade Practices Act.

In his petition, Calvo listed twelve "material representations" made by the "team," two of which did involve Marquez's status as an architect. But nowhere in the petition did Calvo seek damages arising out of Marquez's provision of architectural services. Rather, as we understand, the claimed factual basis underlying Calvo's theories of recovery were that CBA, Baessler, and Marquez: (1) diverted funds ($34,500) from the Calvo Project to other unrelated CBA and Marquez jobs; (2) habitually overcharged Calvo for work and materials; (3) provided false information to Calvo concerning the Calvo project; (4) allowed construction delays; and (5) did not complete construction of the house.

None of Calvo's theories of recovery are based on Marquez's status as an architect or on any architectural services rendered. It is true that Calvo's petition identified Marquez as the architect in the Calvo Project. Calvo, however, did not contract with Marquez to provide architectural services. Rather, Calvo's petition represented Marquez as being a member of the construction team Calvo engaged when he contracted with CBA to build his house. In sum, Calvo's complaint was not about Marquez as an architect or his architectural plans for the house; rather it was about the manner in which the "team" executed those plans; hence Texas Civil Practice and Remedies Code Chapter 150 is not implicated.

The order of the district court denying the motion to dismiss is affirmed.

_____

Bob E. Shannon, Justice

Before Justices Goodwin, Baker, and Shannon*

Affirmed

Filed:   July 10, 2019

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. _See_ Tex. Gov't Code § 74.003(b).