ACCEPTED
15-25-00019-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/3/2025 7:38 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00019-CV

**IN THE COURT OF APPEALS**
**FOR THE FIFTEENTH DISTRICT OF TEXAS**
**AT AUSTIN**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/3/2025 7:38:45 PM
CHRISTOPHER A. PRINE
Clerk

*IN RE T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100 MANAGEMENT, LLC, 8705 PARTNERS, LTD., 8705 MANAGEMENT LLC, CLASSIC CHEVROLET SUGAR LAND, LLC, CLASSIC CHEVROLET WEST HOUSTON, LLC, CLASSIC ELITE BUICK GMC, INC., AND 16835 CADET PARTNERS, LLC.,*

*Relators.*

Original Proceeding from the Business Court of Texas, Eleventh Division;
Cause No. 25-BC11A-0001;
Hon. Stacy Rogers Sharp, Judge of the Texas Business Court
Fourth Division, Sitting by Assignment

**REAL PARTIES IN INTEREST'S RESPONSE TO RELATORS'**
**PETITION FOR WRIT OF MANDAMUS**

**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**WALKER STEVEN YOUNG**
State Bar No. 24102676
walker.young@solidcounsel.com
**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone:  (214) 472-2100
Facsimile:   (214) 472-2150

**E. MICHELLE BOHREER**
State Bar No. 06717100
michelle@bohreerlaw.com
**PRITESH SONI**
State Bar No. 24063926
pritesh@bohreerlaw.com
**BOHREER LAW FIRM PLLC**
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
Telephone:  (832) 856-3006
Facsimile:   (832) 856-2891

**ATTORNEYS FOR REAL PARTIES IN INTEREST**

## IDENTITY OF PARTIES AND COUNSEL

**Relators:**

T. Bently Durant, Thomas R. Durant, The Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partner, Ltd., 8100 Management, LLC, 8705 Partners, Ltd., and 8705 Management, LLC, Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC

**Trial/Appellate Counsel:**

**K. Elizabeth Swan**
eswan@shackelford.law
**Derek D. Rollins**
drollins@shackelford.law
**Lucas Peterson**
lpeterson@shackelford.law
**SHACKELFORD, MCKINLEY & NORTON, LLP**
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone: (214) 780-1400
Facsimile: (214) 780-1401

**Timothy D. Zeiger**
tzeiger@shackelford.law
**SHACKELFORD, MCKINLEY & NORTON, LLP**
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone: (512) 469-0900
Facsimile: (214) 889-9711

**Real Parties in Interest:**

Tiffany Lynn Sebastian, Individually and on behalf of the Sebastian Community Estate and Derivatively on behalf of the Classic Dealerships

**Trial Counsel**

**J. Mitch Little**
mitch.little@solidcounsel.com
**Steven Ovando**
steven.ovando@solidcounsel.com
**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034

**John Coselli, III**
john@diceccolawpartners.com
**Jill K. Evangelista**
jill@diceccolawpartners.com

Joseph W. DiCecco
joe@diceccolawpartners.com
**DICECCO LAW PARTNERS, PLLC**
777 Post Oak Blvd., Ste. 900
Houston, Texas 77056
Telephone:  (713) 496-1700
Facsimile:   (713) 589-3392

**Appellate Counsel**

**Byron K. Henry**
byron.henry@solidcounsel.com
**Walker Steven Young**
walker.young@solidcounsel.com
**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034

Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and derivatively on behalf of the Classic Dealerships

**Trial and Appellate Counsel:**

**E. Michelle Bohreer**
michelle@bohreerlaw.com
**Pritesh Soni**
pritesh@bohreerlaw.com
**BOHREER LAW FIRM PLLC**
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
Telephone:   (832) 856-3006
Facsimile:    (832) 856-2891

**Respondent**:

**Hon. Stacy Rogers Sharp**
Judge of the Texas Business Court,
Fourth Division
Sitting by Assignment
BCClerk@txcourts.gov
William P. Clements Building
300 West 15th Street, Suite 606
Austin, Texas 78701

## TABLE OF CONTENTS

Identity of Parties and Counsel ......................................................................2

Table of Contents ...........................................................................................4

Index of Authorities .......................................................................................6

Responses to Relators' Issues ........................................................................9

    I.     The business court did not abuse its discretion because an "action" is a civil lawsuit that is "commenced" when it is first filed, not when any related claims are "filed"; thus, the business court had no jurisdiction but to remand this "civil action" which "commenced" before the business court's effective date. ..................................................9

    II.    The business court's remand order is not the kind of "significant ruling" in an "exceptional case" that warrants mandamus review..................................................................9

Statement of Facts .......................................................................................10

Summary of Argument .................................................................................12

Argument and Authorities............................................................................14

    I.     The business court did not abuse its discretion because an "action" is a civil lawsuit that is "commenced" when it is first filed, not when any related claims are "filed"; thus, the business court had no jurisdiction but to remand this "civil action" which "commenced" before the business court's effective date. ..................................................14

        A.    Standard of Review.................................................................14

        B.    Discussion ..............................................................................14

            1.    In re ETC Field Services, LLC confirms the business court's plain text interpretation of the Statute. ...............................................................14

2. Relators' attempt to warp §25A.004(f) fails to create any ambiguity or absurd result.............................20

II. The business court's remand order is not the kind of "significant ruling" in an "exceptional case" that warrants mandamus review.............................................................29

Conclusion and Prayer ...............................................................................30

Certificate of Compliance .........................................................................33

Certificate of Service ................................................................................33

**Cases**                                                                                                **Page(s)**

*In re AutoZoners, LLC*,
   694 S.W.3d 219 (Tex. 2024) (orig. proceeding), reh'g denied
   (Aug. 30, 2024) ..................................................................................14

*Bestway Oilfield, Inc. v. Cox*,
   2025 Tex. Bus. 2, 2025 WL 251338 (Tex. Bus. Ct. Jan. 17, 2025) ..................16

*C Ten 31 LLC on behalf of SummerMoon Holdings LLC v. Tarbox*,
   2025 Tex. Bus. 1, 2025 WL 224542 (Tex. Bus. Ct. Jan. 3, 2025) ....................16

*Cypress Towne Ctr., Ltd., et al. v. Kimco Realty Services, Inc., et al.*,
   2025 Tex. Bus. 8, 2025 WL 610519 (Tex. Bus. Ct. Feb. 25, 2025) 16, 17, 27, 28

*Energy Transfer LP v. Culberson Midstream LLC*,
   2024 Tex. Bus. 1, 2024 WL 5320611 (Tex. Bus. Ct. Oct. 30, 2024)
   (same), mandamus voluntarily dismissed, No. 15-24-00130-CV,
   2025 WL 409514 (Tex. App.—15th Dist., Feb. 6, 2025) ..................................15

*In re ETC Field Services, LLC*,
   No. 15-24-00131-CV, 2025 WL 582320 (Tex. App.—15th Dist.,
   Feb. 21, 2025, orig. proceeding.)................................................................*passim*

*ETC Field Services, LLC v. TEMA Oil and Gas Company*,
   No. 15-24-00124-CV, 2025 WL 582317 (Tex. App.—15th Dist.,
   Feb. 21, 2025) (mem. op.) ................................................................................29

*Jaster v. Comet II Const., Inc.*,
   438 S.W.3d 556 (Tex. 2014) ......................................................................23, 26

*Lone Star NGL Prod. Services LLC v. EagleClaw Midstream
   Ventures, LLC*,
   2024 Tex. Bus. 8, 2024 WL 5337407 (Tex. Bus. Ct. Dec. 20, 2024)..........15, 16

*Malouf v. State ex rels. Ellis*,
   694 S.W.3d 712, 727 (Tex. 2024) ...................................................................20

*Martinez v. Gonzales*,
   No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.–Corpus
   Christi-Edinburg, Sept. 17, 2015, no pet.) (mem. op.) ..............................27, 28

*Morris v. Ponce*,
   584 S.W.3d 922 (Tex. App.–Houston [14th Dist.] 2019, no pet.) ...............27, 28

*Osmose Utilities Services, Inc. v. Navarro Cnty. Elec. Coop.*,
   2025 Tex. Bus. 3, 2025 WL 370681 (Tex. Bus. Ct. Jan. 31, 2025)
   ......................................................................................16, 20, 23, 24

*In re Panchakarla*,
   602 S.W.3d 536 (Tex. 2020) .......................................................21, 28

*S & P Consulting Engineers, PLLC v. Baker*,
   334 S.W.3d 390 (Tex. App.—Austin 2011, no pet.) (en banc).........................27

*Sebastian v. Durant*,
   2025 Tex. Bus. 4, 2025 WL 394634 (Tex. Bus. Ct. Feb. 4, 2025) .............*passim*

*Seter v. Westdale Asset Mgmt., Ltd.*,
   2024 Tex. Bus. 7, 2024 WL 5337346 (Tex. Bus. Ct. Dec. 16,
   2024), mandamus denied, No. 15-24-00135-CV, 2025 WL 300912
   (Tex. App.—15th Dist., Jan. 24, 2025) .........................................15

*Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*,
   2024 Tex. Bus. 2, 2024 WL 5337412 (Tex. Bus. Ct. Oct. 31,
   2024), mandamus denied, No. 15-25-00002-CV, 2025 WL 582311
   (Tex. App.—15th Dist., Feb. 21, 2025).......................................15, 29

*Tema Oil & Gas Co. v. ETC Field Services, LLC*,
   2024 Tex. Bus. 3, 2024 WL 5337411 (Tex. Bus. Ct. Nov. 6, 2024)............15, 16

**Statutes and Rules**

TEX. GOV'T CODE § 25A.001, *et seq*...............................................12, 25

TEX. GOV'T CODE § 25A.004.....................................................15

TEX. GOV'T CODE §25A.004(b)(2) ..............................................22

TEX. GOV'T CODE §25A.004(b)(3) ..............................................23

TEX. GOV'T CODE §25A.004(f).............................................*passim*

TEX. GOV'T CODE §25A.004(g) ................................................23

TEX. GOV'T CODE § 25A.006....................................................24

TEX. GOV'T CODE § 25A.006(d) ............................................................20, 21

TEX. GOV'T CODE § 25A.015(c) ....................................................................30

TEX. R. APP. P. 9.4.....................................................................................33

TEX. R. APP. P. 9.5 ....................................................................................33

TEX. R. APP. P. 52.7(b).............................................................................11

TEX. R CIV. P. 22.......................................................................................26

TEX. R. CIV. P. 38......................................................................................26

## Other Authorities

Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 5, 8-9, 2023 Tex. Sess. Law Serv. 919, 929 .................................................................14

I.      **The business court did not abuse its discretion because an "action" is a civil lawsuit that is "commenced" when it is first filed, not when any related claims are "filed"; thus, the business court had no jurisdiction but to remand this "civil action" which "commenced" before the business court's effective date.**

II.     **The business court's remand order is not the kind of "significant ruling" in an "exceptional case" that warrants mandamus review.**

## STATEMENT OF FACTS

This mandamus arises out of the divorce proceeding between Real Parties in Interest. On July 11, 2024, Tiffany Sebastian filed an Original Petition for Divorce in the 387th Judicial District Court of Fort Bend County, Texas. (MR 293–99.) At that time, both Tiffany and Jeff Sebastian worked for and owned interests in Relators Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West, Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC (collectively "Classic"). (MR 387–89 at ¶21–27; MR 566.) Real Parties' interests in Classic is the greatest asset in their community estate. (MR 389 at ¶27.) The remaining Relators, T. Bently Durant, Thomas R. Durant, the Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd., 8100 Management, LLC, 8705 Partners, Ltd., 8705 Management, LLC, directly or indirectly own interests in Classic (collectively "Classic's Ownership"). (MR 387–89 at ¶21–27.)

On July 22, 2024, Classic's Ownership purported to fire Jeff. (MR 391 at ¶31.) Classic's Ownership then purported to terminate Tiffany and has since demanded that Real Parties relinquish their ownership interests in Classic for a fraction of their value. (MR 391–92 at ¶31–33.) So, on September 18, 2024, Jeff filed a Counterpetition for Divorce, which added Classic as Co-Respondents. (MR 354–60.) On December 3, 2024, Real Parties filed a joint Third-Party Petition asserting derivative claims on Classic's behalf against certain parties in Classic's Ownership.

10

(MR 364–78.) These third-party claims were later amended on December 20, 2024 to include all Relators. (MR 382–408.) At the same time, the Parties engaged in settlement discussions to negotiate a buyout of Real Parties' membership interests, but no agreement was reached. (MR 142 at ¶5.)

On January 2, 2025, Relators filed their Notice of Removal to the Eleventh Division of the Texas Business Court (the "business court"). (MR 4–134.) Relators' Notice of Removal asserted that it was limited to the claims raised against them and did not seek to remove Real Parties' divorce proceedings. (MR 5 at ¶1; MR 5 at fn. 1; MR 6–7 at ¶6–7.) On January 9, 2025, Jeff moved to Remand; Tiffany filed a Joinder to that Motion on January 15, 2025. (MR 136–260; MR 264–67.)

The prime basis for Real Parties' Motion to Remand was that the business court lacked jurisdiction to hear the matter because it commenced before September 1, 2024, the effective date that the business court could hear disputes. (MR 140–41.) Relators filed their Response to this Motion to Remand on January 23, 2025 (MR 272–408.), and Real Parties filed a Reply in Support on January 29, 2025. (MR 565–603.)[1] The business court held oral argument on the Motion to Remand on

---

[1] Real Parties note that this Reply was not included in Relators' Mandamus Record, so in accordance with TEX. R. APP. P. 52.7(b), Real Parties have filed a Supplemental Mandamus Record that includes the Reply. The Supplemental Mandamus Record has been served on all Parties as of the date of this filing.

January 30, 2025. (MR 433–507.) On February 4, 2025, the business court issued its opinion and order granting Real Parties' Motion to Remand. (MR 413–24.)

SUMMARY OF ARGUMENT

Like a malevolent chiropractor, Relators stretch Chapter 25A's text beyond reason. Relators reason that a "civil action" cannot be what the Court has said it is because that plain text definition mandates remand. The story is the same with their butchery of the term "commenced." Most untenable is Relators' rewriting of §25A.004(f) to advance a partial removal theory that defies the statute's plain text.

Thankfully, the Court's most recent decision in *In re ETC Field Services, LLC* makes short work of these back-bending interpretations. It holds that a "civil action" is "commenced" when the first filing occurs in the trial court. A "civil action" is not "commenced" with each new filing. That means any attempt to remove an "action" that "commenced," in whole or part, before September 1, 2024, fails for lack of jurisdiction. This is because the Legislature's choice of the term "commenced" rather than "filed" "appears deliberate" and must be given effect. So while "claims" were first "filed" against Relators after September 1, 2024, that fact is immaterial. This "civil action" still undisputedly was "commenced" before that date.

This accords with the statute's effective date, which must also be presumed intentional and given effect. The Legislature knew that by restricting jurisdiction to "civil actions" "commenced" after September 1, 2024, some parties, who would

12

otherwise have the right to adjudicate their claims in the business courts, would miss out on that opportunity. Indeed, it is undisputed that the Legislature could easily have provided any applicable exceptions. It could have allowed that "claims" filed after the effective jurisdictional date were removable regardless of the date the "civil action" "commenced." But it did not. As the Court held in *In re ETC Field Services LLC*, the Court cannot craft an exception that the Legislature did not see fit to create.

Relators' attempted inversion of §25A.004(f)'s meaning does not change this reality. No conflict is created when that text is read without Relators' inductive interpretation. It simply says that parties can agree to a business court's exercise of supplemental jurisdiction if the underlying "civil action" is within the business court's jurisdiction. "Perfect hindsight" is unnecessary to see the Legislature's intent, and Relators' attempt to make the text say otherwise defies the presumption that the Legislature understood the implication of this new law and interplay with existing law.

The foregoing moots consideration of Relators' second issue, but even if there were some abuse of discretion, that does not mean that this order is the kind of "significant ruling in an exceptional case" that requires mandamus review. Indeed, the Court's holding in *In re ETC Field Services, LLC,* has already effectively closed the door on the relief Relators seek, so there is no compelling reason for mandamus review here.

**I.** **The business court did not abuse its discretion because an "action" is a civil lawsuit that is "commenced" when it is first filed, not when any related claims are "filed"; thus, the business court had no jurisdiction but to remand this "civil action" which "commenced" before the business court's effective date.**

### A. STANDARD OF REVIEW

"Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re ETC Field Services, LLC*, No. 15-24-00131-CV, 2025 WL 582320, at *1 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding.) (quoting *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding), reh'g denied (Aug. 30, 2024)). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d at 223.

### B. DISCUSSION

#### 1. *In re ETC Field Services, LLC* confirms the business court's plain text interpretation of the Statute.

On the same day that Relators filed their Petition, the Court denied a similar mandamus petition in *In re ETC Field Services, LLC*. 2025 WL 582320, at *2 (construing Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 5, 8–9, 2023 Tex. Sess. Law Serv. 919, 929) ("[t]he changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."). That decision confirmed a

14

litany of opinions from the business courts which have collectively found that they have no discretion but to remand "civil actions" "commenced" before September 1, 2024. *See Tema Oil & Gas Co. v. ETC Field Services, LLC*, 2024 Tex. Bus. 3 at ¶¶16–17, 2024 WL 5337411, at *4 (Tex. Bus. Ct. Nov. 6, 2024) (remanding because "the case began in the District Court on March 17, 2017[,]" when Tema filed its original petition); *Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7 at ¶2, 2024 WL 5337346, at *1 (Tex. Bus. Ct. Dec. 16, 2024) (citations omitted) (court lacked jurisdiction because the case was commenced before September 1, 2024), *mandamus denied*, No. 15-24-00135-CV, 2025 WL 300912, at *1 (Tex. App.—15th Dist., Jan. 24, 2025); *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1 at ¶¶17–18, 2024 WL 5320611, at *3 (Tex. Bus. Ct. Oct. 30, 2024) (same), *mandamus voluntarily dismissed*, No. 15-24-00130-CV, 2025 WL 409514, at *1 (Tex. App.—15th Dist., Feb. 6, 2025); *Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, 2024 Tex. Bus. 2 at ¶¶24–26, 2024 WL 5337412, at *3 (Tex. Bus. Ct. Oct. 31, 2024) (same), *mandamus denied*, No. 15-25-00002-CV, 2025 WL 582311, at *1 (Tex. App.—15th Dist., Feb. 21, 2025); *Lone Star NGL Prod. Services LLC v. EagleClaw Midstream Ventures, LLC*, 2024 Tex. Bus. 8 at ¶23, 2024 WL 5337407, at *8 (Tex. Bus. Ct. Dec. 20, 2024) (concluding that parties cannot waive the "'effective date' provision" to otherwise establish jurisdiction "under Section

15

25A.004"); *Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2 at ¶¶15–16, 2025 WL 251338, at *5 (Tex. Bus. Ct. Jan. 17, 2025) (reaffirming the holding in *Lone Star*).

As one recent decision put it, "To date, every opinion from the Business Court has interpreted the term action to mean a lawsuit." *Osmose Utilities Services, Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3 at ¶16, 2025 WL 370681, at *3 (Tex. Bus. Ct. Jan. 31, 2025) (citing *e.g.*, *ETC Field Services, LLC*, 2024 Tex. Bus. 3 at ¶15, 2024 WL 5337411, at *3; *C Ten 31 LLC on behalf of SummerMoon Holdings LLC v. Tarbox*, 2025 Tex. Bus. 1 at ¶¶25–31, 2025 WL 224542, at *7–9 (Tex. Bus. Ct. Jan. 3, 2025). The *Osmose* court thus held that a party could not partially remove claims that were part of a "civil action" that "commenced" when the underlying action was filed before September 1, 2024. *Id*. at ¶27, *4. The business court cited these decisions for the same reasons. *Sebastian v. Durant*, 2025 Tex. Bus. 4 at ¶¶16, 21, 2025 WL 394634, at *2–3 (Tex. Bus. Ct. Feb. 4, 2025).

This chorus has only grown in the days after the Court's decision. In an analogous decision issued just over a week ago, the Eleventh Division determined that a publicly traded defendant, Kimco Realty Corporation, which was joined to a "civil action" after September 1, 2024, did not have the right to remove the "civil action" given that it had commenced before September 1, 2024. *Cypress Towne Ctr., Ltd., et al. v. Kimco Realty Services, Inc., et al.*, 2025 Tex. Bus. 8 at ¶15, 2025 WL 610519, at *5 (Tex. Bus. Ct. Feb. 25, 2025). The fact that Kimco Realty Corporation

was not involved in this "civil action" when it was first filed—"commenced"—on June 16, 2022, did not change the fact that the business court lacked jurisdiction. *Id.* at ¶14–15, \*5. Citing to *In re ETC Field Services, LLC's* plain text interpretation of "commence," the *Cypress Towne* court rejected the same assertion that Relators make here, which is that the date claims were filed against them somehow changes the date the "civil action" "commenced":

> Because the Court declines to adopt Defendants' desired exception to the established interpretation of Section 8, the rule remains simple in application. Plaintiff's Original Petition was filed in the district court on June 16, 2022. Because this lawsuit was commenced before September 1, 2024, the Court holds that (i) the Defendants may not rely on Chapter 25A to justify subject-matter jurisdiction in this case; and (ii) the Court lacks subject-matter jurisdiction over the action.

2025 Tex. Bus. 8 at ¶15, 2025 WL 610519, at \*5. The *Cypress Towne* court also cited the business court's decision in this case in noting that "[W]ithout deviation, each division of the Business Court has concluded that, under Section 8, a 'civil action' commences when the original petition was filed." *Id*. at ¶12, \*5.

*In re ETC Field Services, LLC* confirms the business courts had it right. *Cypress Towne Ctr., Ltd.*, 2025 Tex. Bus. 8 at ¶11, 2025 WL 610519, at \*4 ("In essence, it is now settled that the Texas Business Court lacks subject-matter jurisdiction over actions which were commenced before September 1, 2024."). Relators will no doubt argue that *In re ETC Field Services, LLC* does not apply

because it does not concern the removal of "claims" initiated after September 1, 2024, but any such argument misses the forest for the trees.

First, *In re ETC Field Services, LLC* confirms the business court's plain text interpretation of the phrase "civil action" as the initiation of a new lawsuit and its "commence[ment]" as the date it is first filed. The Court reasoned that a "civil action" was "commenced" in the Tarrant County district court in 2017 when the suit was first filed in 2017. *Id.* at *2. Subsequent "filings," such as its removal to the business court, did not affect the date this "civil action" was "commenced." *Id*. They were just continuations of that previously "commenced" "civil action." *Id*.

By that same logic, the addition or subtraction of different parties and claims does not affect the date a "civil action" is "commenced." This is confirmed by the Court's reasoning that a "new civil action" could be "commenced" if the original civil action was nonsuited, and subsequently "commenced" in the business court. *Id*. at *3. The limited nature of this hypothetical is appropriate. For if a new "civil action" could be "commenced" by adding a new party, then the Statute's "effective date would be meaningless." *Id*. This further aligns with the Court's assumption that the Legislature "used 'commenced' advisedly in the effective date clause for just this purpose." *Id*. at *2.

By creating the business courts on September 1, 2023, but not giving them jurisdiction over any "civil action" "commenced" before September 1, 2024, the

18

Legislature intentionally created a jurisdictional gap for existing "civil actions." The Legislature could have made any number of exceptions to provide jurisdiction for these actions that could have otherwise been heard in the business courts. For instance, it could have provided that the business courts had jurisdiction over "claims" "filed" after September 1, 2024. *Id*. at *2–3. Its refusal to do so must be recognized as deliberate, and as the Court recognized in *ETC Field Services*, *LLC* it is not for the Court to second guess the Legislature's decision. *Id*. at *2.

But that is what Relators would have the Court do by crafting an exception to the business court's jurisdiction that the Legislature did not include in the Statute. It is undisputed that the first filings in this case—the "commencement" of this "civil action"—predated the Statute's effective date. *Sebastian*, 2025 Tex. Bus. 4 at ¶14, 2025 WL 394634, at *3; (MR 140, ¶2.) Mandamus should be denied on this ground alone.

Aware of the wall of authority opposing them, Relators try to dissect a section of the Statute to show that the Legislature did not know the difference between a "claim" and a "civil action" when it wrote the statute. Should the Court reach this argument, the result should be the same because the Court must presume that the Legislature's choice, and selective omission, of these different words was intentional. Indeed, when framed in the statute's larger context, the only "absurd" result is the slanted interpretation Relators advance.

## 2. Relators' attempt to warp §25A.004(f) fails to create any ambiguity or absurd result.

Relators' strained partial removal argument claims that §25A.004(f) "does not require removing parties to remove all claims with the entire case." (Pet. at p. 22.) It does not, but the statute does. *See Sebastian*, 2025 Tex. Bus. 4 at ¶18, 2025 WL 394634, at *3 (explaining that "the Act permits a party to 'remove the action'—not independent claims—to the Business Court") (citing TEX. GOV'T CODE § 25A.006(d)). The statute could hardly be clearer in this respect, as it uses the term "action" exclusively in this context:

> (d) A party to **an action** filed in a district court or county court at law that is within the jurisdiction of the business court may remove **the action** to the business court. If the business court does not have jurisdiction of **the action**, the business court shall remand **the action** to the court in which **the action** was originally filed.

TEX. GOV'T CODE § 25A.006(d). (emphasis added). Again, the Legislature's use of different terms—"claims" in one section and "action" in another—shows its use of the latter was deliberate. *See Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 727 (Tex. 2024) ("[W]e generally presume the Legislature uses the same word consistently throughout a statute and uses different words to convey different meanings.") (citations omitted).

Had the Legislature intended for partial removal to be possible, it would have said so. *See Osmose*, 2025 Tex. Bus. 3 at ¶18, 2025 WL 370681, at *3 ("Where the Legislature has intended 'action' to mean something other than a lawsuit, the statute

20

has expressly included such a definition.") (citing TEX. CIV. PRAC. & REM. CODE § 27.001(6); *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) ("We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted."). If that were the case, then Relators would not have to try so hard to make the text say differently. The business court got it right by reading only what the statute's text said and not what Relators tried to make it say.[2]

Relators misread §25A.006(d) to argue that "action" cannot mean the "entire lawsuit." (Pet. at p. 24.) They argue that the business court could not retain jurisdiction over some claims if it did not have jurisdiction over all claims, including those subject to its supplemental jurisdiction. Relators are overthinking this. To the extent any conflict exists, the supplemental jurisdiction provision, §25A.004(f), and the removal provision, §25A.006(d), can be read in harmony without ambiguity or an absurd result. Contrary to Relators' contrived confusion, the statute's "partial

---

[2] For these reasons and those discussed below concerning the remand of certain "claims" that are subsumed within a "civil action," the Court need not address Relators' digressions (Pet. at p. 31–37) involving the severance of "claims" within a "civil action" or the "de facto severance." *See* TEX. GOV'T CODE §25A.004(f) ("**A claim** within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to **the claim** and a judge of the division of the court before which **the action** is pending.") (emphasis added).

21

remand" framework is easily reconciled with its removal of an "action" or "entire lawsuit."[3]

§25A.004(f) contemplates that when an "action" or "entire lawsuit" is removed, there may be claims in that "action" that do not fall within the amount in controversy minimums but are otherwise subject to the business court's jurisdiction because they are part of a civil action commenced *after* September 1, 2024. TEX. GOV'T CODE §25A.004(f). One example would be a third-party claim concerning the internal affairs of an organization with an amount in controversy of $2 million. *Cf. id.* §25A.004(b)(2). That "claim" could "proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending." *Id.* §25A.004(f). If that does not happen, then "the claim" subject to the business court's "supplemental jurisdiction" proceeds in the court of original jurisdiction concurrently with the claims proceeding in the business court. *Id*. This is hardly the kind of insoluble quandary that Relators make it out to be.

The (far) more irreconcilable interpretation is the one that Relators advance. They want "claims" and "action" to be interchangeable but look past the statute's plain text again. It states, "**A claim** within the business court's supplemental

---

[3] Real Parties put "partial remand" in quotes because the question more accurately concerns the circumstances when the business court can exercise supplemental jurisdiction.

jurisdiction may proceed in the business court only on the agreement of all parties to **the claim** and a judge of the division of the court before which **the action** is pending." TEX. GOV'T CODE §25A.004(f) (emphasis added).

As with §25A.004(b)(3), §25A.004(f) shows that a "claim" is a component of "an action." The two are not one, and the Statute's use of these plainly different terms makes that clear. *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 566 (Tex. 2014) ("Indeed, if the term 'action' referred to a claim or cause of action rather than a lawsuit or legal proceeding, there would be no reason for the statute to refer to an 'arbitration proceeding' at all, because parties resolve claims and causes of action in both types of legal proceedings.") (citing TEX. CIV. PRAC. & REM. CODE § 171.002 (addressing "claims" subject to arbitration). The *Jaster* Court offered an extensive analysis of the common meaning of "action" and "claim" in noting that "The common meaning of the term 'action' refers to an entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit, cause, or proceeding." *Id*. at 563–64 (citing BLACK'S LAW DICTIONARY 1171 at 28 (7th ed. 1999) (defining "action" as "[a] civil or criminal judicial proceeding")).

At any rate, any friction between the two does not make the Statute ambiguous or absurd. *Osmose* provides a textbook rebuke of Relators' argument. 2025 Tex. Bus. 3 at ¶¶23–24, 2025 WL 370681, at *2. Relators acknowledge it but ignore its reasoning. It determined that even if a different section, §25A.004(g), uses "civil

23

action" and "claim" synonymously, that does not override the "18 other uses of action in the same section—not to mention the 40 uses of action in Section 25A.006—all of which are reasonably read according to the word's ordinary meaning…." *Id*. at ¶23–24, *2. As the Court noted, "[w]ith perfect hindsight, one can always rewrite a statute to make it more plain." *In re ETC Field Services, LLC*, 2025 WL 582320, at *3. Perhaps that would have been well served here, but that does not make Relators' interpretation equally reasonable. *Osmose*, 2025 Tex. Bus. 3 at ¶24, 2025 WL 370681, at *4.

Likewise, any "imperfection" in remanding removed claims outside the business court's jurisdiction does not make that process "absurd." *Osmose*, 2025 Tex. Bus. 3 at ¶¶25—26, 2025 WL 370681, at *4. That's only reserved for "truly exceptional cases, and mere oddity does not equal absurdity." *Id*. at ¶25, *4 (quoting *Combs v. Health Care Services Corp.*, 401 S.W.3d 623, 630 (Tex. 2013)). A statute that provides a process by which a court can determine under what circumstances it can exercise its jurisdiction over removed claims, even if imperfect, is not absurd. *Id*. at ¶26, *4.

§25A.004(f) offers more confirmation. It requires that before supplemental jurisdiction can be exercised, the business court must have jurisdiction over the "same case or controversy." TEX. GOV'T CODE §25A.004(f) (stating that the "business court has supplemental jurisdiction over any other claim related to a case

or controversy within the court's jurisdiction that forms part of the same case or controversy"). It is the phrase "within the court's jurisdiction" that Relators repeatedly overlook. *Cf.* (Pet. at p. 30) ("Chapter 25A affords litigants the right to unilaterally decline to submit certain claims for proceedings in the business court."). And, it is dispositive here. That "right to unilaterally decline to submit certain claims" is premised upon the underlying "action," "case," or "controversy" being within the business court's jurisdiction. TEX. GOV'T CODE §25A.004(f). And since the business court's jurisdiction depends partly on whether the "civil action," "case," or "controversy" was "commenced" after September 1, 2024, the business court had no discretion to exercise jurisdiction over the supplemental claims involving Relators. *See Sebastian*, 2025 Tex. Bus. 4 at ¶¶15–22, 2025 WL 394634, at *2–3.

Contrary then to Relators' straw man interpretation, pleading one claim that is outside the business court's jurisdiction does not mean that no claims in that "action" can be tried in the business court, *so long as* the underlying "action," "case," or "controversy" is subject to the business court's jurisdiction. *Cf.* (Pet. at p. 30–31.) The absence of jurisdiction over the underlying "action"—a possibility envisioned in the Statute's gap between the business court's creation and its effective date of jurisdiction—does not mean the business court abused its discretion. Instead, the business court interpreted the statute in the same way the Court did in *In re ETC Field Services*, and the same way every other business court has, by construing a

25

"civil action" as a "lawsuit," not separate filings, and measuring the date it is "commenced" from date the lawsuit is first initiated, regardless of later modifications or party additions.

Relators say that is an "absurd result" because no "civil action" could "commence" against them until something was filed naming them. (Pet. at p. 39–40.) They make this assertion despite recognizing that the Austin Court of Appeals, sitting en banc, issued a similar opinion resolving a nearly identical question of statutory interpretation. (*Id.*) (citing *S & P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 396 (Tex. App.—Austin 2011, no pet.) (en banc) ("The set of actions commenced before the effective date of the statute includes those in which a party is later designated."). The *S&P Consulting* court noted that the Legislature is presumed to enact statutes with knowledge of the existing law and construed TEX. R CIV. P. 22, which provides that a civil suit commences when it is filed, and TEX. R. CIV. P. 38, which provides that parties may be joined "after the commencement of the action," to hold that "[t]his rule does not state or indicate that these new petitions commence new actions or suits against the new parties; rather, the subsequent petitions by defendants against new parties become part of an action that has already commenced." *Id*. This reasoning is sound and is supported by *Jaster*, which held that "Third-party plaintiffs and cross-claimants do not initiate a lawsuit or legal proceeding." 438 S.W.3d at 565. Relators relied on *Jaster* selectively in their

Response to Real Parties' Motion to Remand, but they did not acknowledge this holding there or in their Petition. (MR 282 at ¶21.)

Instead, Relators contend that *S&P Consulting* is distinguishable because the statute analyzed in that case did not provide for claim-by-claim jurisdictional analysis. (Pet. at p. 39–40.) They overlook, as noted above, that this claim-by-claim analysis is premised on the underlying "action" being subject to the Court's jurisdiction, which is not the case here. TEX. GOV'T CODE §25A.004(f). Even so, the *S&P Consulting* court considered the Rules of Civil Procedure in analyzing the date a civil action commenced because that statute, like this statute, did not define these terms. 334 S.W.3d at 396. Relators' distinctions make no difference.

Relators also look to other holdings considering the date an action commences. (Pet. at p. 40–41) (citing *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *3 (Tex. App.—Corpus Christi-Edinburg, Sept. 17, 2015, no pet.) (mem. op.); *Morris v. Ponce*, 584 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2019, no pet.)). But as the business court noted, these cases address when an action commenced "as to a given party for purposes of triggering that party's rights or obligations," which was not the question before the business court. *See Sebastian*, 2025 Tex. Bus. 8 at ¶¶24–25, 2025 WL 394634, at *4; *see also Cypress Towne Ctr., Ltd.*, 2025 Tex. Bus. 8 at ¶23, 2025 WL 610519, at *8 ("In sum, both *Martinez* and *Morris* set forth a context-dependent meaning of the word

27

"commencement" where the relevant statute concerned a health care liability defendant's statutory procedural rights."). Relators do not address the business court's rebuttal. That same unaddressed ground for distinguishing *Martinez* and *Morris* also applies to Relators' reliance on the deadlines to remove an action to Federal court. (Pet. at p. 41) (citing *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, 2020 WL 8678020 at *10 (S.D. Tex. July 14, 2020)). A party's deadlines to remove an action to a federal court do not determine whether that court has jurisdiction. *See Sebastian*, 2025 Tex. Bus. 4 at ¶24, 2025 WL 394634, at *4; *Cypress Towne Ctr., Ltd.*, 2025 Tex. Bus. 8 at ¶27, 2025 WL 610519, at *9 (similarities between the statute's process for removal and that found in federal court did not supersede the Statute's effective date). Again, Relators do not address this basis for distinguishing their authority. What Relators never appear to countenance is that the Legislature could have intended this result, despite it being a presumption that must be indulged in construing any statute. *In re Panchakarla*, 602 S.W.3d at 540.

Respectfully, if anything is absurd, it is the idea that the Legislature did not know that existing interpretations of "civil action" and "commenced" would mean that some claims associated with civil actions commenced before September 1, 2024, would not be heard in the business courts. This is only buttressed when the year-long gap between the business courts' creation and the effective date of their

jurisdiction is considered. *See Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, 2024 Tex. Bus. 2 at ¶24, 2024 WL 5337412, at *3 ("Rather, § 8 also limits H.B. 19's changes to the law to cases commenced on or after September 1, 2024—a full year after the statute's effective date and the court was created."). Again, had the Legislature intended an exception to be provided in these cases, it would have offered one.

But the Court cannot review its choice not to do so. It can only look at the statute's plain language like the business court. Despite similar jurisdictional complaints, it did so in *In re ETC Fields Services, LLC*. 2025 WL 582320, at *2–3. The business court's application of those same principles to the Statute's plain text also shows no abuse of discretion.

## II. The business court's remand order is not the kind of "significant ruling" in an "exceptional case" that warrants mandamus review.

Relators are correct that the remand order is not reviewable by appeal. *See ETC Field Services, LLC v. TEMA Oil and Gas Company*, No. 15-24-00124-CV, 2025 WL 582317, at *1 (Tex. App.—15th Dist., Feb. 21, 2025) (mem. op.). But that does mean that even assuming the business court abused its discretion, this order warrants mandamus review. *In re ETC Field Services, LLC*, 2025 WL 582320, at *4 (recognizing that the "absence of a right to interlocutory appeal neither requires nor precludes mandamus review"). Instead, the Court reserves such extraordinary relief for "significant rulings in exceptional cases." *Id*. Whether removal to the business

court commenced a new civil action did not meet that threshold. *Id*. The same should hold for whether the addition of parties commences a new civil action. This is especially so in light of *In re ETC Field Services, LLC*, which implicitly resolves the issues raised in this Mandamus Petition. And like *In re ETC Field Services, LLC*, regardless of remand, any jury trial will be in Fort Bend County. TEX. GOV'T CODE § 25A.015(c). Thus, even if some abuse of discretion occurred, Relators have not demonstrated that this is the kind of "significant ruling[]" in an "exceptional case" that warrants mandamus review.

## CONCLUSION AND PRAYER

But more important than the lack of a "significant ruling" or an "exceptional case" is the lack of any reason to find that the business court abused its discretion. The uniform rulings from the other divisions of the business courts confirm its interpretation and the Court recently did so as well. Even without those rulings though, the result would be the same. Relators' rationale against remand rests on convincing the Court that the Legislature did not understand the common definitions of the words it wrote, failed to appreciate the importance of their placement and omissions in certain portions of the statute, and had no idea that the gap between the business courts' creation and their effective date of jurisdiction would result in complaints like those Relators raise. Binding precedent holds that the Court must

adopt the opposite presumption in each respect. So, regardless of the wisdom of the Legislature's scheme, it was not the business of the lower court to second guess it.

For these reasons, Real Parties in Interest Tiffany Lynn Sebastian, Individually and on behalf of the Sebastian Community Estate and Derivatively on behalf of the Classic Dealerships and Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and derivatively on behalf of the Classic Dealerships respectfully pray that the Court DENY Relators' Mandamus Petition, award Real Parties the costs of the proceeding, and all other relief to which they may be entitled.

Respectfully submitted,

By_____
**BYRON K. HENRY**
State Bar Card No. 24008909
byron.henry@solidcounsel.com
**WALKER STEVEN YOUNG**
State Bar No. 24102676
walker.young@solidcounsel.com

**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Facsimile:   (214) 472-2150

31

**E. MICHELLE BOHREER**
State Bar No. 06717100
michelle@bohreerlaw.com
**PRITESH SONI**
State Bar No. 24063926
pritesh@bohreerlaw.com

**BOHREER LAW FIRM PLLC**
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
Telephone: (832) 856-3006
Facsimile:   (832) 856-2891

**ATTORNEYS FOR REAL PARTIES
IN INTEREST**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that, in accordance with TEX. R. APP. P. 9.4 9.4(i)(2)(B) this document contains 5,484 words as determined by Microsoft Word for Office 365, which is the software used to generate the document. This word count does not include words contained in the sections of the Brief excluded from the word limit by Rule 9.4(i)(1).

_____
**BYRON K. HENRY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been delivered pursuant to TEX. R. APP. P. 9.5 to all parties as indicated below on March 3, 2025:

**Via Electronic Filing/Service**

**K. Elizabeth Swan**
eswan@shackelford.law
**Derek D. Rollins**
drollins@shackelford.law
**Lucas Peterson**
lpeterson@shackelford.law
SHACKELFORD, MCKINLEY & NORTON, LLP
9201 N. Central Expressway, 4th Floor

Dallas, Texas 75231
Telephone: (214) 780-1400
Facsimile: (214) 780-1401

**Timothy D. Zeiger**
tzeiger@shackelford.law
SHACKELFORD, MCKINLEY & NORTON, LLP
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone: (512) 469-0900
Facsimile: (214) 889-9711

**BYRON K. HENRY**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Walker Young on behalf of Walker Young
Bar No. 24102676
walker.young@solidcounsel.com
Envelope ID: 98015208
Filing Code Description: Response
Filing Description: Real Parties' Response to Relators' Petition for Writ of
Mandamus
Status as of 3/4/2025 7:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeri Hamman | | jeri.hamman@solidcounsel.com | 3/3/2025 7:38:45 PM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 3/3/2025 7:38:45 PM | SENT |
| E Michelle Bohreer | | michelle@bohreerlaw.com | 3/3/2025 7:38:45 PM | SENT |
| Sharon Taylor | | sharont@bohreerlaw.com | 3/3/2025 7:38:45 PM | SENT |
| Pritesh Soni | | pritesh@bohreerlaw.com | 3/3/2025 7:38:45 PM | SENT |
| Laura Dale | | ldale@dalefamilylaw.com | 3/3/2025 7:38:45 PM | SENT |
| K ElizabethSwan | | eswan@shackelford.law | 3/3/2025 7:38:45 PM | SENT |
| Derek DRollins | | drollins@shackelford.law | 3/3/2025 7:38:45 PM | SENT |
| Lucas Peterson | | lpeterson@shackelford.law | 3/3/2025 7:38:45 PM | SENT |
| Timothy DZeiger | | tzeiger@shackelford.law | 3/3/2025 7:38:45 PM | SENT |
| Hon Stacy RogersSharp | | BCClerk@txcourts.gov | 3/3/2025 7:38:45 PM | SENT |
| J MitchLittle | | mitch.little@solidcounsel.com | 3/3/2025 7:38:45 PM | SENT |
| Steven Ovando | | steven.ovando@solidcounsel.com | 3/3/2025 7:38:45 PM | SENT |
| E MichelleBohreer | | e-service@bohreerlaw.com | 3/3/2025 7:38:45 PM | SENT |
| Walker StevenYoung | | walker.young@solidcounsel.com | 3/3/2025 7:38:45 PM | SENT |
| John Coselli III | | john@diceccolawpartners.com | 3/3/2025 7:38:45 PM | SENT |
| Jill KEvangelista | | jill@diceccolawpartners.com | 3/3/2025 7:38:45 PM | SENT |
| Joseph WDiCecco | | joe@diceccolawpartners.com | 3/3/2025 7:38:45 PM | SENT |