ACCEPTED
15-25-00025-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/26/2025 12:43 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/26/2025 12:43:19 PM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00025-CV

IN THE

# Fifteenth Court of Appeals

In re Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation,

*Relators*,

Original Proceeding from
Business Court, Eleventh Division
Cause No. 24-BC11A-0013
Honorable Sofia Adrogué

**Real-Party's Response to Motion for Emergency Temporary Relief**

Real-Party-in-Interest Cypress Towne Center, Ltd., individually and derivatively on behalf of Kimco 290 Houston II, L.P. ("Cypress"), submits this response to the motion for emergency temporary relief filed by Relators Kimco Developers, Inc. ("KDI"), KD Houston 1086A, Inc. ("KD Houston"), Kimco Realty Services, Inc. ("KRS"), and Kimco Realty Corporation ("KRC") (collectively, "Kimco"), to explain why the motion should be denied in its entirety.

## INTRODUCTION

Kimco's "emergency" motion is an attempt to manufacture urgency where none exists. This Court should deny the motion for three straightforward reasons.

First, there is no actual emergency—Kimco waited three weeks after the remand order before filing this motion and identifies no imminent deadline or irreparable harm. Second, Kimco cannot demonstrate a likelihood of success on the merits—the Business Court correctly applied the unambiguous text of Section 8, which limits jurisdiction to "civil actions commenced on or after September 1, 2024," in accordance with every Business Court division that has consistently interpreted this provision the same way. Third, Kimco faces no irreparable harm—Kimco's stated concern about "potentially" conflicting rulings it "could" face is as speculative as it is nonsensical.

At its core, Kimco simply disagrees with a jurisdictional ruling and tries to elevate its disagreement to "emergency" status. That is not enough to justify a stay. The motion should be denied.

# BACKGROUND

In 2005, Cypress entered into a partnership with Kimco to develop and operate a shopping center.[1] The Partnership Agreement granted Kimco extensive management authority subject to specific restrictions, including that any additional capital would be provided through loans at a specific rate.[2] For 15 years, Kimco consistently treated its capital contributions as loans under this rate structure.[3]

In 2021, without notice to Cypress, Kimco retroactively recharacterized its prior loans as equity investments earning a 10% preferred return.[4] This unilateral change increased Kimco's priority return by 230 percent—from $2.1 million to nearly $7 million—effectively eliminating Cypress's partnership value while increasing Kimco's invested capital by over $2 million.[5]

---

[1]    MR.441.

[2]    MR.444.

[3]    MR.444.

[4]    MR.445.

[5]    MR.445–46.

## PROCEDURAL HISTORY

In June 2022, Cypress sued Relators KDI and KD Houston in Harris County District Court, asserting two claims: an individual breach-of-contract claim and a derivative claim for breach-of-fiduciary duty.[6] Over the next two-and-a-half years, the parties conducted considerable discovery, including document production, depositions, and third-party discovery, while the district court oversaw substantial motion practice, including a motion to dismiss, motions to compel, motions to exclude, special exceptions, and motions for summary judgment.[7]

In September 2024, Cypress filed its third amended petition, adding Relators KRS and KRC as defendants.[8] Kimco responded by filing a notice of removal to the Business Court, relying on the fact that KRC is a publicly traded company to remove the entire action under Chapter 25A.[9]

---

[6] MR.021; MR.030–31.

[7] *See* MR.125 (order denying Kimco's motion to dismiss); MR.139 (order denying Kimco's motion to exclude damages); MR.259 (order denying Kimco's traditional and no-evidence motions for summary judgment); MR.260 (order denying Kimco's motion to exclude experts); MR.261–63 (order granting Cypress's motion to compel); MR.265–66 (order granting non-party's motion for protection); MR.431 (order granting Cypress's motion to compel); MR.432 (order denying Kimco's special exceptions).

[8] MR.437–57. The case was set for its third trial setting in March 2025. MR.433.

[9] MR.011. Texas Government Code Section 25A.004(c)

Cypress timely filed a motion to remand, arguing that the Business Court lacked jurisdiction because (1) Chapter 25A and its removal provisions do not apply to this 2022 action,[10] and (2) even if they did, Kimco failed to obtain agreement of all parties and the district court as required to support supplemental jurisdiction over Cypress's breach-of-contract claim.[11] Kimco filed a response, arguing that the Business Court has jurisdiction over the entire action because Cypress added a publicly traded company as a defendant after September 1, 2024.[12]

On February 25, 2025, the Business Court granted the motion, holding that it lacked subject-matter jurisdiction over the removed action because it commenced before September 1, 2024, and the addition of a publicly traded defendant did not affect the jurisdictional analysis.[13] Three weeks later, Kimco filed its mandamus petition and a motion for emergency temporary relief seeking a stay pending the disposition of its mandamus petition.

---

[10]   MR.837–42.

[11]   MR.842–48 (citing Tex. Gov't Code § 25A.004(f) ("A claim within the business court's supplemental jurisdiction may proceed in the business court **only on** *the agreement of all parties to the claim and a judge of the division of the court before which the action is pending.*") (emphasis added)).

[12]   MR.857–65.

[13]   *Cypress Towne Center, Ltd. v. Kimco Realty Services, Inc.*, 2025 Tex. Bus. 8, 2025 WL 610519 (Feb. 25, 2025).

## LEGAL STANDARD

Kimco's motion argues that a stay is necessary to preserve the status quo.[14] But, in considering Kimco's motion, equitable principles and "preservation of the parties' *rights*" are the North Star, not "preservation of the *status quo*."[15] Thus, in determining whether to grant "just relief," the Court should consider the likelihood of Kimco's success on the merits, the balance of harms, and other case-specific equitable considerations that bear on the exercise of discretion.[16] None favors a stay here.

## I.  There is no emergency.

Kimco's motion should be denied because it fails to state any penalty, plight, or pressure warranting "emergency" relief. It does not identify an imminent deadline that will cause irreparable harm or a substantial right that will be permanently lost absent a stay. The only "emergency" is that Kimco thinks the remand order is wrong. But its

---

[14]  Mot. at 6, 11.

[15]  *In re State*, No. 24-0325, 2024 WL 2983176, at *2 (Tex. June 14, 2024) (emphasis added).

[16]  *Id*. at *3.

disagreement with the order is not enough to justify the "emergency" relief requested.[17] Denial is proper for this reason alone.[18]

## II. Kimco is not likely to succeed on the merits.

Apart from the absence of a true emergency, Kimco's motion should be denied because Kimco's mandamus petition will, in all likelihood, fail on the merits. As Cypress will explain more fully in its mandamus response, Kimco's petition did not and cannot establish that the Business Court "clearly abused its discretion" or that "no adequate appellate remedy exists."[19]

---

[17] *See In re ETC Field Servs. LLC*, No. 15-24-00131-CV, 2025 WL 582320, at *3 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (resolving mandamus challenge to remand order without a stay).

[18] Kimco decided to wait three weeks to seek temporary relief from this Court on an emergency basis without first seeking a stay from either lower court, as other parties have done (successfully) while seeking review of a remand order. *See, e.g.*, *Lone Star NGL Prod. Servs. v. EagleClaw Midstream Ventures*, 705 S.W.3d 243, 256 (Tex. Bus. Ct. 2024) (granting stay pending resolution of permissive interlocutory appeal of remand order). Kimco's motion offers no reason why neither court deserves the opportunity to decide the issue in the first instance. *See, e.g.*, *Gill v. Hill*, 688 S.W.3d 863, 869 (Tex. 2024) ("Requiring parties to first raise issues in the lower courts preserves judicial resources and promotes fairness among litigants.").

[19] *See In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (per curiam) (citations omitted).

## A. No abuse of discretion

The Texas Business Court's Eleventh Division properly granted Cypress's motion to remand this case to the 11th Judicial District Court of Harris County. The court's decision rests on the unambiguous text of Section 8 of House Bill 19, which limits Business Court jurisdiction to "civil actions commenced on or after September 1, 2024."[20] Relying on this provision and this Court's interpretation of it, the court properly held that it lacked jurisdiction over the removed action because it commenced more than two years before September 1, 2024.

Kimco tried to bypass this jurisdictional restriction by claiming that adding a publicly traded company after September 1, 2024, gives the Business Court subject-matter jurisdiction over the entire action. The court carefully considered each of Kimco's arguments and concluded that none could be squared with the plain text of Section 8 or any Business Court division's interpretation of it. The remand order should not be disturbed.

---

[20] *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶9, 2025 WL 610519, at *4 (citing Tex. H.B. 19, § 8, 88th Leg., R.S. (2023)).

## 1. The addition of a publicly traded company after September 1, 2024 did not create jurisdiction over the entire action.

The court properly rejected Kimco's argument that adding a publicly traded company as a defendant after September 1, 2024, created jurisdiction over the action filed before September 1, 2024. The court relied on precedent across all divisions of the Business Court, which have uniformly held that "under Section 8, a 'civil action' commences when the original petition was filed."[21]

Meanwhile, Kimco offered no alternative construction of Section 8, and the Business Court found none, to suggest the addition of a publicly traded company after September 1, 2024, could somehow retroactively manufacture jurisdiction where none exists.[22] Because Cypress filed its original petition in June 2022—well before September 1, 2024—the court correctly concluded that it lacked subject-matter jurisdiction over the removed action.

---

[21] *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶12, 2025 WL 610519, at *5 (citing *Yadav v. Agrawal*, 2025 Tex. Bus. 7 at ¶¶ 29–30, 59, 62, 2025 WL 467645, at *6–11 (Feb. 11, 2025), *Sebastian v. Durant*, 2025 Tex. Bus. 4 at ¶¶ 20–26, 2025 WL 394634, at *3–5 (Feb. 4, 2025), *Osmose Utils. Servs., Inc. v. Navarro Cnty. Electric Cooperative*, 2025 Tex. Bus. 3 at ¶¶ 15–30, 2025 WL 370681, at *3–5 (Tex. Bus. Ct. 2025), *Jorrie v. Charles*, 2024 Tex. Bus. 4 at ¶ 12, 2024 WL 5337409, at *2 (Nov. 7, 2024), and *Tema Oil and Gas Co. v. ETC Field Servs., LLC*, 705 S.W.3d 226 (Tex. Bus. Ct. 2024)).

[22] *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶17, 2025 WL 610519, at *6.

## 2. *Martinez* and *Morris* are inapposite to the jurisdictional analysis.

Kimco relied upon *Martinez v. Gonzales*,[23] and *Morris v. Ponce*,[24] but the Business Court correctly distinguished those cases, which answered a different legal question. Both cases concerned a health care liability defendant's statutory procedural rights, not whether jurisdiction can be created for an entire pre-existing lawsuit by adding a new defendant.[25] Like every other division to consider *Martinez* and *Morris*,[26] the court observed that these cases involve a "context-dependent meaning" of the term "commence" that does not override Section 8's clear jurisdictional limitations.[27]

---

[23] No. 13-14-00241-CV, 2015 WL 5626242, at *3–4 (Tex. App.—Corpus Christi-Edinburg, Sept. 17, 2015, no pet.).

[24] 584 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

[25] *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶¶ 19–23, 2025 WL 610519, at *7–8.

[26] *Yadav*, 2025 Tex. Bus. 7 at ¶¶ 72, 74–75, 2025 WL 467645, at *13; *Sebastian*, 2025 Tex. Bus. 4 at ¶¶ 24–25, 2025 WL 394634, at *4.

[27] *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶¶ 19–23, 2025 WL 610519, at *7–8; *see also S&P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395–98 (Tex. App.—Austin 2011, no pet.) (en banc) (holding that action "does not recommence with the filing of an amended petition *even if that petition names a new defendant for the first time*") (emphasis added).

### 3. Judicial economy and legislative history cannot override clear statutory text.

The court properly determined that Kimco's appeals to judicial economy and legislative history could not rewrite the unambiguous text of Section 8. The court refused to "consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."[28] In doing so, the court properly prioritized its duty to examine subject-matter jurisdiction before considering any policy implications.

### 4. Federal removal procedure comparison fails to create an exception to Section 8.

The court appropriately rejected Kimco's comparison between Business Court removal procedure and federal removal procedure. While Kimco highlighted that federal courts permit removal within 30 days after amendments creating jurisdiction, it failed to demonstrate how this analogy could overcome Section 8's explicit language limiting Chapter 25A's applicability to "civil actions commenced on or after September 1, 2024." [29] As the court noted, this comparison never developed into a functional legal theory supporting jurisdiction.[30]

---

[28]   *Cypress Towne Center, Ltd.*, 2025 Tex. Bus. 8 at ¶ 26, 2025 WL 610519, at *9.

[29]   *Id.* at ¶ 27, 2025 WL 610519, at *9.

[30]   *Id.*

### 5. The court applied established precedent to reject Kimco's novel theory.

The court correctly rejected Kimco's attempt to distinguish this case as a "matter of first impression" regarding the addition of a publicly traded company after September 1, 2024.[31] The court recognized this argument as an unsupported attempt to create an exception to the settled rule that no party to a civil action commenced before September 1, 2024, may rely on Chapter 25A to establish jurisdiction. In reaching its conclusion, the court faithfully applied the interpretation of Section 8 adopted by every division of the Business Court.[32]

No abuse of discretion occurred here. The Business Court properly granted Cypress's motion to remand based on clear statutory language, this Court's precedent, consistent precedent across all Business Court divisions, and the fundamental requirement that subject-matter jurisdiction must exist before a court can consider the merits of a case. Thus, Kimco will likely not succeed on the merits because it cannot establish that the Business Court abused its discretion in remanding the action to the district court from which it came.

---

[31]   *Id.* at ¶ 28 n.55, 2025 WL 610519, at *10 n.55.

[32]   *See id.* at ¶ 11 n.17, 2025 WL 610519, at *4 n.17.

## B. Adequate remedy by appeal

Kimco faces no extraordinary circumstances that would render the ordinary appellate process inadequate. As this Court noted in *In re ETC Field Services*, mandamus review is available only when the case-specific benefits outweigh the detriments of interrupting proceedings.[33] Here, those factors weigh decisively against mandamus.

The "benefits" Kimco claims it will lose—expediency, specialized judges, and written opinions—are limited here. The case, which was virtually trial-ready before Kimco removed it, will proceed in the 11th District Court of Harris County—a court fully capable of adjudicating the contract and fiduciary duty claims at issue. And because the district court retains concurrent jurisdiction, the parties will not suffer from "time and money utterly wasted" and will benefit from "the same rules of '[p]ractice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business.'"[34] Thus, Kimco will likely not succeed on the merits because it cannot establish that mandamus review is warranted.

---

[33] No. 15-24-00131-CV, 2025 WL 582320, at *4.

[34] *Id.* at *8.

## III. No irreparable harm

In a single paragraph on the last page of its 12-page motion, Kimco claims that it will suffer irreparable harm absent a stay because "the parties could face potentially conflicting rulings from the two trial courts, which answer to different appellate courts."[35] Kimco's motion fails to articulate any relief that "could" subject Kimco to "potentially" conflicting rulings if granted. And Kimco's motion fails to explain why such speculative harm would rise to the level of irreparable.

Kimco then claims that it will suffer irreparable harm absent a stay because it "will be deprived of the benefits the Texas Legislature and Governor contemplated in creating the Business Court, including expediency, specialized judges, and written opinions."[36] This argument focuses on the wrong question. The issue is not whether Kimco will suffer harm absent a writ of mandamus, but rather whether Kimco will suffer harm absent a stay. Nothing in Kimco's motion ties the loss of the benefits of the Business Court to the absence of a stay.

---

[35]  Mot. at 12.

[36]  *Id*. at 12.

## PRAYER

Cypress respectfully requests that the Court deny Relators' motion, deny Relators' and to grant all other relief to which it may be entitled.

Respectfully submitted,

By: /s/ Sharon McCally

Sharon McCally
Texas Bar No. 13356100
smccally@andrewsmyers.com

Andrew B. Bender
Texas Bar No. 24084290
abender@andrewsmyers.com

Hunter M. Barrow
Texas Bar No. 24025240
hbarrow@andrewsmyers.com

Emily W. Miller
State Bar No. 24079527
emiller@andrewsmyers.com

ANDREWS MYERS P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.850.4200

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on all counsel of record via e-service on March 26, 2025.

/s/ Andrew B. Bender

15

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Bender on behalf of Andrew Bender
Bar No. 24084290
abender@andrewsmyers.com
Envelope ID: 98913045
Filing Code Description: Response
Filing Description: Response to Motion for Emergency Temporary Relief
Status as of 3/26/2025 1:21 PM CST

Associated Case Party: Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hunter Barrow | 24025240 | hbarrow@andrewsmyers.com | 3/26/2025 12:43:59 PM | SENT |
| Emily Miller | 24079527 | emiller@andrewsmyers.com | 3/26/2025 12:43:59 PM | SENT |
| Andrew Bender | 24084290 | abender@andrewsmyers.com | 3/26/2025 12:43:59 PM | SENT |
| Sharon McCally | | smccally@andrewsmyers.com | 3/26/2025 12:43:59 PM | SENT |

Associated Case Party: Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth G. "Heidi"Bloch | | blochh@gtlaw.com | 3/26/2025 12:43:59 PM | SENT |
| Stephanie Sanchez | | Stephanie.Sanchez@gtlaw.com | 3/26/2025 12:43:59 PM | SENT |
| Paul Stibbe | | paul.stibbe@gtlaw.com | 3/26/2025 12:43:59 PM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 3/26/2025 12:43:59 PM | SENT |

Associated Case Party: Hon. SofiaAdrogu??

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hon. Sofia Adrogué | | BCDivision11A@txcourts.gov | 3/26/2025 12:43:59 PM | SENT |